IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Terry L. McCoy, | ) | C/A No. 0:25-8953-SAL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Blue Dot Readi Mix, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The self-represented plaintiff, Terry L. McCoy, filed this discrimination case in the York County Court of Common Pleas pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq., against his former employer, Blue Dot Readi Mix. McCoy also raised claims against the defendant of race and age discrimination under South Carolina Human Affairs Law, S.C. Code Ann. §§ 1-13-10, et seq. The defendant removed this action to federal court on July 29, 2025. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendant's motion for summary judgment. (ECF No. 15.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 16.) Plaintiff filed a response in opposition (ECF No. 19), and the defendant replied (ECF No. 20). Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be granted.

**DISCUSSION**

**A.    Applicable Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* [dispute] of *material fact*."  Ballinger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).  In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth

specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Erickson, 551 U.S. 89, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      The Defendant's Motion**

The defendant first argues that it is entitled to summary judgment because all of Plaintiff's claims are time barred.  Plaintiff does not offer any response to these arguments.

As to Plaintiff's federal claims, after a charge of discrimination is filed with the Equal Employment Opportunity Commission ("EEOC"), under both Title VII and the ADEA a plaintiff must file a civil action "within ninety days after the giving of" an EEOC right-to-sue notice.  42 U.S.C. § 2000e-5(f)(1) (Title VII); 29 U.S.C. § 626(e) (ADEA).  The docket in this case reflects that Plaintiff filed his Complaint in state court on June 20, 2025.  (ECF No. 1-1 at 3.)  The EEOC issued Plaintiff's right-to-sue letter on September 4, 2024. (ECF No. 15-4 at 6.)  Although Plaintiff does not indicate when he received the notice, this court has held that "[w]hen the actual date of plaintiff's receipt of notice is unknown or in dispute, the court presumes receipt three days after mailing."  Dunbar v. Food Lion, 542 F. Supp. 2d 448, 450-51 (D.S.C. 2008).  Thus. Plaintiff is presumed to have received this notice by September 7, 2024; however, he did not file his Complaint until more than nine months after this date, which is well outside the ninety-day statute of limitations period.

Plaintiff's state law claims are based on the South Carolina Human Affairs Law, and the defendant argues that they are time barred pursuant to S.C. Code § 1-13-90(d)(6).  Section 1-13-90(d)(6) provides that the "action must be brought within one year from the date of the violation alleged, or within one hundred twenty days from the date the complainant's charge is dismissed, whichever occurs earlier."   Here, Plaintiff's charge with the South Carolina Human Affairs Commission indicates that the alleged discriminatory acts occurred between May 11, 2023 and August 14, 2023.  (ECF No. 15-3 at 25-26.)  Further, this charge was dismissed on August 14, 2024.  (ECF No. 15-3 at 27-28.)  However, Plaintiff did not file this action until a little over ten months after his charge was dismissed and twenty-two months after the latest alleged discriminatory act, which is well outside of the state statute of limitations under either deadline.

Plaintiff provides no response to either of these arguments and fails to suggest any justification for his failure to meet the statutory deadline.  See, e.g., Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 653-54 (4th Cir. 1993) (holding that no reasonable grounds existed for an equitable tolling of the filing period based on a thorough examination of the record); Hooper v. Ebenezer Sr. Servs. & Rehab. Ctr., 687 S.E.2d 29, 33 (S.C. 2009) (holding that "equitable tolling is a doctrine that should be used sparingly and only when the interests of justice compel its use").  Accordingly, the defendant has shown as a matter of law that Plaintiff's claims are time barred.[1]

---

[1] In light of this finding, the court declines to address the defendant's alternative bases for summary judgment.

## RECOMMENDATION

Accordingly, the defendant's motion for summary judgment should be granted, as all of Plaintiff's claims are time barred.  (ECF No. 15.)

March 17, 2026                                    Paige J. Gossett
Columbia, South Carolina              UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).