IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terry L. McCoy, | Case No.: 0:25-cv-8953-SAL |
| Plaintiff, | |
| v. | **ORDER** |
| Blue Dot Readi Mix, | |
| Defendant. | |

Terry L. McCoy ("McCoy"), proceeding pro se, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and related state laws against his former employer, Blue Dot Readi Mix ("Defendant"). Before the court is Defendant's motion for summary judgment. [ECF No. 15.] United States Magistrate Judge Paige J. Gossett, pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(4) (D.S.C.), issued a Report and Recommendation ("Report"), recommending Defendant's motion be granted. [ECF No. 21.] McCoy now objects.[1] [ECF No. 24.]

## I. Legal Standard

### A. Review of a Magistrate Judge's Report

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023)

---

[1] On the day objections to the magistrate judge's report were due, McCoy filed a "motion for case to be heard." [ECF No. 24.] In his motion, McCoy gives factual support for his claims but does not address the argument that his claims are time-barred. Because McCoy is pro se, the court broadly construes his motions as objections to the Report and reviews de novo Defendant's motion for summary judgment.

1

(citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain its decision to adopt the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* In the absence of *specific* objections this court need not give any explanation for adopting the recommendation. *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009). That said, the Fourth Circuit has instructed district courts that *pro se* filings, "however unskillfully pleaded, must be liberally construed." *Noble v. Barnett*, 24 F.3d 582, 587 (4th Cir. 1994).

### B.  Motion for Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is genuine only where the nonmovant's version is supported by sufficient evidence to permit a reasonable jury to find in [the nonmovant's] favor." *United States v. 8.929 Acres of Land*, 36 F.4th 240, 252 (4th Cir. 2022). Conversely, "[w]hen a party fails to establish the existence of an element essential to that party's case, there is no genuine issue of material fact." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019). "The mere existence of a scintilla of

evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Lastly, the court must view facts in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmovant's favor. *Dean v. Jones*, 984 F.3d 295, 301 (4th Cir. 2021). If the record, viewed this way, gives rise to genuine factual disputes about the claims at issue, then those questions must be resolved by a jury and are inappropriate for summary judgment. *See id.* at 301–02.

## II. Discussion

Defendant argues that summary judgment is proper because McCoy's claims are time-barred. McCoy does not address this argument in his opposition to summary judgment or his objections. The court agrees that McCoy's claims are time-barred and thus summary judgment is appropriate.

After a charge of discrimination is filed with the Equal Employment Opportunity Commission ("EEOC"), both Title VII and the ADEA require a plaintiff to file his civil action "within ninety days after the giving of" an EEOC right-to-sue notice. 42 U.S.C. § 2000e-5(f)(1) (Title VII); 29 U.S.C. § 626(e) (ADEA). The docket in this case reflects that McCoy filed his complaint in state court on June 20, 2025. [ECF No. 1-1 at 3.] The EEOC issued McCoy's right-to-sue letter on September 4, 2024. [ECF No. 15-4 at 6.] Although McCoy does not indicate when he received the right-to-sue letter from the EEOC, "[w]hen the actual date of plaintiff's receipt of notice is unknown or in dispute, the court presumes receipt three days after mailing." *Dunbar v. Food Lion*, 542 F. Supp. 2d 448, 450–51 (D.S.C. 2008). Thus, McCoy is presumed to have received this notice by September 7, 2024; however, he did not file his complaint until more than nine months after this date—well outside the ninety-day statute of limitations period.

3

McCoy's state-law claims are based on the South Carolina Human Affairs Law. Defendant argues that these claims are also time-barred under S.C. Code § 1-13-90(d)(6). Section 1-13-90(d)(6) provides that the "action must be brought within one year from the date of the violation alleged, or within one hundred twenty days from the date the complainant's charge is dismissed, whichever occurs earlier." Here, McCoy's charge filed with the South Carolina Human Affairs Commission indicates that the alleged discriminatory acts occurred between May 11, 2023, and August 14, 2023. [ECF No. 15-3 at 25–26.] Further, this charge was dismissed on August 14, 2024. *Id.* at 27–28. However, McCoy did not file this action until a little over ten months after his charge was dismissed and twenty-two months after the latest alleged discriminatory act, well outside the state statute of limitations under either deadline.

McCoy provides no response to either of these arguments and suggests no justification for his failure to meet the statutory deadlines. Instead, he argues the merits of his claims—arguing it was someone else's error that cost him his job. *See* ECF No. 24. But the court cannot consider the merits of McCoy's claims as this action is untimely and he offers no basis for equitable tolling. *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 653–54 (4th Cir. 1993) (holding that no reasonable grounds existed for an equitable tolling of the filing period based on a thorough examination of the record); *Hooper v. Ebenezer Sr. Servs. & Rehab. Ctr.*, 687 S.E.2d 29, 33 (S.C. 2009) ("equitable tolling . . . should be used sparingly and only when the interests of justice compel its use"). The court agrees that McCoy's claims are time-barred and must grant summary judgment.

### III.    Conclusion

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error. Additionally, the court reviewed de novo the parts of the Report to which

4

McCoy objected. The court hereby **adopts** the Report, ECF No. 21. As a result, Defendant's motion for summary judgment, ECF No. 15, is **granted** and McCoy's claims are dismissed **with prejudice**. McCoy's motion for case to be heard, ECF No. 24, is **denied as moot**.

    **IT IS SO ORDERED.**

April 16, 2026                                           Sherri A. Lydon
Columbia, South Carolina                      United States District Judge